UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JALYNN RYANN WENGER,

        Plaintiff,

        v.                                   Case No. 24-1104-EFM-BGS

BRENDA STOSS, et al.,

        Defendants.

## MEMORANDUM AND ORDER DENYING
## MOTION FOR MORE DEFINITE STATEMENT

        The matter comes before the Court on Defendants Brenda Stoss, Amie Bauer, Lieu Ann Everhart, Thomas Lydic, and Patrell Brown's motion for a more definite statement. Doc. 22. The Defendants request that the Court enter an order requiring Plaintiff JaLynn RyAnn Wenger (hereinafter "Plaintiff") to provide a more definite statement regarding her allegations that the Defendants violated her constitutional rights. Plaintiff opposes the motion.[1] Doc. 23. For the reasons stated herein, the motion is **DENIED**.

## I.    Background Facts

        Plaintiff[2] filed her Complaint on June 20, 2024. Doc. 1. She brings claims against Defendants Brenda Stoss, Amie Bauer, Lieu Ann Everhart, Thomas Lydic, and Patrell Brown

---

[1]Plaintiff also filed an "objection" to the Defendants' reply. This is not a proper filing. The Local Rules limit briefings to the motion (with memorandum in support), the response, and the reply. D. Kan. Rule 7.1(c) ("A party opposing a motion must file a response, and the moving party may file a reply within the time provided in D. Kan. Rule 6.1(d)"). As such, Plaintiff's objection is **overruled**, and the Court will not consider the filing. *Cf. Sallaj v. Feiner*, No. 23-cv-01172-EFM-BGS, 2024 WL 112303, at *1-2 (D. Kan. Jan. 10, 2024) (striking supplemental responses to defendants' reply).

[2]Plaintiff proceeds pro se. The Court construes her filings liberally and holds her to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

(hereinafter "Defendants").  Plaintiff alleges that she allowed her car tags to expire and did not renew her vehicle registration.  She was eventually cited for the violation and her license was suspended which she then voluntarily surrendered.  The amount of her citation was $297.00.  In her view, she is not required to carry a valid license or to register her vehicle with the state.  She alleges that such requirements infringe on her constitutional rights.

After receiving her citation, the Salina Municipal Court sent Plaintiff two notices indicating she has failed to comply with the terms of the citation and a warrant was issued for her arrest.  An appearance bond was set at $500.00.  She alleges that the $500 appearance bond and the $297 citation is an extortion measure used by Defendants Brenda Stoss, Lieu Ann Everhart, and Thomas Lydic.  Defendant Brenda Stoss is the municipal judge presiding over her court case.  Thomas Lydic is a police officer in Salina, Kansas who pulled over the Plaintiff and gave her the citation.  Lieu Ann Everhart is the court supervisor at the City of Salina.

Plaintiff obtained private counsel to defend against the "unlawful enforcement" of the citation.  She apparently filed numerous filings on her own behalf in the Salina court action in which she advances many of her arguments.  The arguments she advances are numerous, so the Court will not recount every argument; however, she argues that the Defendants are: (1) attempting to extort her, (2) issuing unlawful tickets, (3) violating her right to travel, (4) violating her constitutional rights, (5) violating the Kansas constitution, and (6) threatening her.  Doc. 1, at 15.  She makes several allegations that Defendant Amie Bauer, the prosecutor in the state court action, failed to disclose material and exculpatory information that would have proved Plaintiff's innocence.  On April 22, 2024, Municipal Court Judge Brenda Stoss denied Ms. Wenger's request that her case be dismissed, and that the issuance of the warrant be rescinded  Doc. 1-1, at 49-51.  Plaintiff maintains that she has committed no crime and all the events that transpired were either unlawful conduct by the

Defendants or an infringement of her unalienable rights.  She alleges numerous other facts and argument, but the above briefly summarizes her complaint.

She now brings this action in federal court alleging several claims, most of which rehash her arguments in the state court proceeding.  Her causes of action include: (1) Fourteenth Amendment Equal Protection claims; (2) multiple due process claims under the Fifth Amendment; (3) right to travel under the privileges and immunities clause; (4) First Amendment claims including freedom of religion, freedom of speech, right to assemble, and right to petition; (5) Fourth Amendment right to privacy claim; (6) Sixth Amendment claims for right to a speedy trial, right to counsel, and right to a fair and impartial judge; (7) Seventh Amendment claim for right to a jury trial; (8) Eighth Amendment claim for right against excessive bail; (9) Thirteenth Amendment claim for right against involuntary servitude; (10) claims for fraudulent conduct; (11) malicious prosecution; and (12) tort claims for threating behavior and/or extortion.  Docs. 22-29, 36-60.  She also lists numerous crimes that the Defendants allegedly committed.  Doc. 1, at 29-33.  She is seeking extensive damages.  Her damages include $1200.00 for the cost of litigation and the alteration in her lifestyle, and $3,653,750.00 for "calculated damages."  Doc. 1, at 33, 92.

After filing her complaint, Plaintiff filed a motion for a temporary restraining order, and an amended motion.  *See* Docs. 3, 6.  While those motions were pending, Defendants were served with the complaint and promptly filed the present motion for a more definite statement.  Doc. 22. Plaintiff responded to the motion on August 30, 2024.  Doc. 23.  Briefing is now complete, and the Court is prepared to rule.

## II.    Analysis

Federal Rule of Civil Procedure 12(e) provides, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Rule 12(e) should be

considered in the context of Fed. R. Civ .P. 8, which establishes the general guidelines for pleadings.
5A Wright & Miller, Federal Practice and Procedure, § 1377 at 618 (1990).  Federal Rule 8(a) sets
forth three requirements for a Complaint: (1) a short and plain statement of the grounds for the
court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled
to relief, and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).

"The twin purposes of a complaint are to give the opposing parties fair notice of the basis
for the claims against them so that they may respond and to allow the court to conclude that the
allegations, if proven, show that the plaintiff is entitled to relief." *Ramos-Hernandez v. United States*,
No. 11-CV-01073-BNB, 2011 WL 5459436, at *5 (D. Colo. Nov. 10, 2011) (citing *Monument Builders
of Greater Kansas City, Inc. v. Am. Cemetery Ass'n. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989)).
"'Once a complaint meets these requirements, the [answering party] is put on notice of the nature
of . . . [the] claim.'" *Berg v. Frobish*, No. 12-1123-KHV-KGG, 2012 WL 3112003, at *4 (D. Kan. July
31, 2012) (citation omitted).

The decision whether to grant or deny a motion for more definite statement lies within the
sound discretion of the court.  *Graham v. Prudential Home Mortg. Co.*, 186 F.R.D. 651, 653 (D. Kan.
1999).  Motions for more definite statement are generally disfavored by the courts and should not be
used as methods of pretrial discovery.  *Feldman v. Pioneer Petroleum, Inc.*, 76 F.R.D. 83, 84 (W.D. Okla.
1977).  "Requiring a more definite statement is appropriate when addressing unintelligible or
confusing pleadings." *Suede Grp., Inc. v. S Grp., LLC*, No. CIV.A. 12-2654-CM, 2013 WL 183752, at
*1 (D. Kan. Jan. 17, 2013) (citations omitted).  Motions brought pursuant to 12(e) "are properly
granted only when a party is unable to determine the issues" to which they must respond.  *Norwood v.
United Parcel Serv., Inc.*, No. 19-2496-DDC-JPO, 2020 WL 5802078, at *19 (D. Kan. Sept. 29, 2020)
(quoting *Resolution. Trust Corp. v. Thomas*, 837 F. Supp. 354, 356 (D. Kan. 1993)).  "A motion for
more definite statement should not be granted merely because the pleading lacks detail; rather, the

standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Id.* (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. March 5, 2004)).

The Court has reviewed Plaintiff's complaint and does not find that her allegations and claims are so vague and ambiguous that Defendants cannot reasonably prepare a response. Although Plaintiff's complaint is lengthy and hard to follow, she identifies specific claims she is pursuing and alleges facts that she believes supports her claims. She provides numerous facts and arguments explaining why she believes she is entitled to recover from the Defendants. She also provides a "statement of facts per defendant" and identifies specific constitutional claims. Doc. 1, at 22-29, 36. Defendants argue that Plaintiff's complaint does not concisely state what legal theories she is pursing or a concise statement to the pertinent facts Doc. 22, at 4. The Court does not agree that she doesn't state what legal theories she is pursuing. Nevertheless, courts hold pro se plaintiffs to a less stringent standard and will liberally construe pleadings "despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendants also argue that her allegations are vague and ambiguous. They seem to take issue with the absence of factual support and the failure to cite proper law. However, the information Defendants contend is missing from Plaintiff's complaint is not necessary for Defendants to respond to the allegations. The issue of whether Plaintiff's claims provide sufficient facts or present a plausible claim is not necessary for the Court to determine on a motion for a more definite statement. *See Norwood*, 2020 WL 5802078, at *19.

The Court finds that Plaintiff's Complaint meets the fair notice requirement of Rule 8(a). *See Vazquez v. Liberty Mut. Ins. Co.*, No. 23-1234-HLT-BGS, 2024 WL 382628, at *1-2 (D. Kan. Feb. 1,

2024) (reaching same conclusion on similar facts). !These claims, as judged by the standards set forth in Rule 12(e), are sufficient to require Defendants to respond.  The Court is satisfied that Defendants have sufficient information to adequately respond.  Defendants' motion for more definite statement, doc. 22, is therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion for a More Definite Statement, doc. 22, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Brenda Stoss, Amie Bauer, LieuAnn Everhart, Thomas Lydic, and Patrell Brown have until **October 9, 2024**, to answer or otherwise plead.

**IT IS SO ORDERED**.

Dated September 25, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge