## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JALYNN RYANN WENGER,

       *Plaintiff*,

v.

       Case No. 24-CV-1104-EFM-GEB

BRENDA STOSS, et al.,

       *Defendants*.

## MEMORANDUM AND ORDER

Before the Court are three motions: Pro Se Plaintiff Jalynn Ryann Wenger's Motion for Temporary Restraining Order (Doc. 3); Plaintiff's Amended Motion for Temporary Restraining Order (Doc. 6); and Defendants Brenda Stoss, Lieuann Everhart, Amie Bauer, Thomas Lydic, and Patrell Brown's Motion to Dismiss (Doc. 28). Defendants claim that various immunity doctrines and Plaintiff's failure to comply with jurisdictional requirements warrant dismissal. For the reasons stated below, the Court grants Defendants' Motion to Dismiss, making moot Plaintiff's motions.

### I.      Factual and Procedural Background[1]

Plaintiff JaLynn Wenger is a resident of Salina, Kansas. Defendants Thomas Lydic and Patrell Brown are police officers for the City of Salina. On February 7, 2024, Officer Lydic stopped Plaintiff for driving with expired vehicle tags. During the stop, Officer Lydic discovered that Plaintiff's driver's license was suspended. Upon learning this fact, Officer Lydic seized Plaintiff's

---

[1] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited.

license and removed the expired vehicle tags from her vehicle. Ultimately, Plaintiff was cited for $297 and was issued a court date set for March 12, 2024. Plaintiff did not pay the citation or appear at her scheduled court date.

On March 19, 2024, Lieuann Everhart, the court supervisor for the City of Salina, sent Plaintiff a notice informing her that she had failed to comply with the terms of the citation issued by Officer Lydic. On March 26, 2024, Judge Brenda Stoss, the municipal court judge for the City of Salina, issued a bench warrant for Plaintiff's arrest.

The Salina Municipal Court sent Plaintiff two notices indicating she had failed to comply with the terms of the citation and a warrant was issued for her arrest. On July 8, 2024, Officer Lydic and Officer Patrell Brown arrested Plaintiff at her place of work based on the warrant. An appearance bond was set at $500.

Plaintiff submitted numerous filings on her own behalf before the Salina court, alleging, among other things: (1) attempted extortion; (2) issuance of unlawful tickets; (3) violation of her right to travel; (4) violation of her constitutional rights; (5) violation of the Kansas constitution; and (6) threatening her. On April 22, 2024, Judge Stoss denied Plaintiff's request that her case be dismissed and that the issuance of the warrant be rescinded. Unsuccessful in state court, Plaintiff filed suit before this Court on June 20, 2024.

In her Complaint, she admits that she allowed her car tags to expire and did not renew her vehicle registration. In her view, she is not required to carry a valid license or register her vehicle with the state of Kansas and forcing her to do so would infringe on her constitutional rights. Throughout her lengthy and convoluted Complaint, Plaintiff advances several other claims including: (1) Fourteenth Amendment equal protection claims; (2) Fifth Amendment due process claims; (3) right to travel under the privileges and immunities clause; (4) First Amendment claims

including freedom of religion, freedom of speech, right to assemble, and right to petition; (5) Fourth Amendment right to privacy claim; (6) Sixth Amendment claims for right to a speedy trial, right to counsel, and right to a fair and impartial judge; (7) Seventh Amendment claim for right to a jury trial; (8) Eighth Amendment claim for right against excessive bail; (9) Thirteenth Amendment claim for right against involuntary servitude; (10) claims for fraudulent conduct; (11) malicious prosecution; and (12) tort claims for threatening behavior and/or extortion.

On the same day she filed her Complaint, Plaintiff filed a motion for a temporary restraining order. Six days later, she filed an amended motion for a temporary restraining order. On October 7, 2024, Defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. On October 8, 2024, Plaintiff filed an "Objection to All Orders from The Magistrate and District Judge," which this Court construed as a Response to Defendants' motion. On October 22, 2024, Defendants filed their Reply. That same day, Plaintiff filed an "Objection" to Defendants' Reply.[2] This matter, being fully briefed, is now ripe for the Court's ruling.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4] A claim is facially plausible if the plaintiff pleads facts

---

[2] The Court did not consider Plaintiff's "Objection"—or more accurately labeled, sur-reply—in deciding this Motion. *See James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 906 (D. Kan. 2021) (explaining that sur-replies are only allowed with leave of court in rare cases).

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[9]

### III.    Analysis

#### A.    Immunity bars Plaintiff's § 1983 claims.

Defendants ask this Court to dismiss Plaintiff's complaint under various theories of immunity. For instance, Judge Stoss and Court Supervisor Everhart argue that they are entitled to judicial immunity. Similarly, Municipal Prosecutor Bauer argues that she is entitled to prosecutorial immunity. Lastly, Officers Lydic and Brown argue that they are entitled to qualified immunity. Each of these theories of immunity, Defendants argue, serve as sufficient grounds for granting a Rule 12(b)(6) motion to dismiss. The Court will address each theory in turn.

---

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

    *1.    Judicial Immunity*

"A defendant's claim of judicial immunity may serve as sufficient grounds for granting a Rule 12(b)(6) motion to dismiss, assuming the plaintiff has failed to demonstrate that judicial immunity should not apply."[10] A long line of United States Supreme Court case law establishes that "generally, a judge is immune from a suit" so that a judicial officer acting in his official capacity may "be free to act upon his own convictions, without apprehension of personal consequences to himself."[11] "[I]mmunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity."[12] "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."[13]

Here, Plaintiff's claims against Judge Stoss are solely based on her role in issuing a bench warrant. This conduct falls squarely in the realm of judicial action. Further, Plaintiff was issued a citation for conduct that occurred in Salina, Kansas, conferring jurisdiction upon the municipal court. In other words, Judge Stoss acted within her official capacity as a judge, and she clearly exercised this action within her jurisdictional purview. As such, Plaintiff's claims against Judge Stoss are barred by judicial immunity. Accordingly, the causes of action against Judge Stoss are dismissed.

---

[10] *McKinzy v. Mo. Div. of Child Support Enf't*, 2010 WL 2232699, at *4 (D. Kan. June 1, 2010) (citing *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188–89 (10th Cir. 2003)).

[11] *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (citations omitted).

[12] *Id.* at 11 (citing *Forrester v. White*, 484 U.S. 219, 227–29 (1988)).

[13] *Id.* at 12 (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).

Judicial immunity also extends to persons other than a judge "where the performance of judicial acts or activity as an official aide of the judge is involved."[14] Thus, clerks of the court are immune to § 1983 suits when performing "quasi-judicial" duties, or when a court clerk is "acting under the command of a court decree or explicit instructions from a judge."[15]

Here, Plaintiff's claims against Defendant Everhart, as court supervisor, are similarly barred. The sole allegation against Defendant Everhart is that she provided Plaintiff with notice that she failed to comply with the provisions of the citation. These actions are intimately related to the judicial process and were performed in direct assistance to Judge Stoss's judicial actions. Accordingly, judicial immunity extends to Defendant Everhart, and the Court dismisses Plaintiff's claims against her.

### 2.    *Prosecutorial Immunity*

"State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process."[16] "Such activities include 'their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court.'"[17] Prosecutors enjoy such immunity even if it leaves "the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty."[18]

---

[14] *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) (citing *Dennis v. Sparks*, 449 U.S. 24 (1980)); *see also Gravel v. United States*, 408 U.S. 606 (1972).

[15] *Henriksen*, 644 F.2d at 855 (citations omitted).

[16] *Carbajal v. McCann*, 808 F. App'x 620, 631 (10th Cir. 2020) (citing *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994)).

[17] *Quintana v. Adair*, 673 F. App'x 815, 819 (10th Cir. 2016) (quoting *Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009)).

[18] *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

All of the allegations against Defendant Bauer relate to her role in prosecuting the citation against Plaintiff. These actions are intimately associated with the judicial process, such that Defendant Bauer is entitled to prosecutorial immunity. Plaintiff has supplied no facts suggesting that Defendant Bauer, at any time, acted outside her role as municipal prosecutor. Accordingly, because Defendant Bauer is entitled to prosecutorial immunity, the Court dismisses Plaintiff's claims against her.

### 3.    Qualified Immunity

Qualified immunity protects police officers from liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights.[19] This protection applies to all officers except those "plainly incompetent or those who knowingly violate the law."[20] A "clearly established right," for purposes of determining whether an officer is entitled to qualified immunity, is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[21]

Here, Plaintiff's Complaint fails to allege how either of the officers' conduct violated her clearly established rights. Plaintiff alleges that Officer Lydic stopped her for operating a motor vehicle with suspended tags. But Plaintiff does not have the right to operate an unregistered vehicle in Kansas, as doing so is unlawful under Kansas law.[22] Plaintiff fails to provide law or cases that prohibit a law enforcement officer from enforcing a valid rule of the road. Plaintiff also fails to

---

[19] *Callahan v. Unified Gov't of Wyandotte Cnty.*, 806 F.3d 1022, 1026 (10th Cir. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).

[20] *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

[21] *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

[22] *See* K.S.A. § 8-142 ("It shall be unlawful for any person . . . to operate . . . any vehicle . . . which is not registered . . . or which does not have attached thereto and displayed thereon the license plate or plates assigned thereto by the division for the current registration year, including any registration decal required to be affixed to any such license plate."); *see also* K.S.A. § 8-134(a) ("Registration of vehicles shall be renewed annually upon application by the owner and by payment of the fees required by law.").

provide law or cases that prohibit a law enforcement officer from issuing a citation for driving with a suspended license. In fact, driving with a suspended license is clearly prohibited by Kansas law.[23] Finally, Plaintiff has failed to plausibly allege that Officers Lydic and Brown violated any clearly established rights in arresting Plaintiff in connection with a warrant for her arrest. Accordingly, Defendant Lydic and Defendant Brown are entitled to qualified immunity. Therefore, the Court dismisses Plaintiff's claims against them.

**B.    The Court lacks jurisdiction to adjudicate Plaintiff's tort claims.**

Even without any federal claims remaining in this case,[24] Plaintiff also failed to file a written notice before commencing this action. Under K.S.A. § 12-105b(d)(1), "any person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action." Compliance with this statute is a jurisdictional prerequisite to asserting a claim for relief against a municipality.[25] Thus, any "party who fails to file the statutory statement is not entitled to relief."[26]

Moreover, Federal Rule of Civil Procedure 9(c) requires parties to "allege generally that all conditions precedent have occurred or have been performed." Courts have interpreted this rule

---

[23] *See* K.S.A. § 8-262 ("[A]ny person who drives a motor vehicle on any highway of this state at a time when such person's privilege so to do is canceled, suspended or revoked . . . shall be guilty of a class B nonperson misdemeanor on the first conviction and a class A nonperson misdemeanor on the second or subsequent conviction.").

[24] *Sullivan v. Sullivan*, 2024 WL 4215626, at *5 (D. Kan. Aug. 13, 2024) ("The Court may decline to exercise supplemental jurisdiction if only issues of state law remain after the court has dismissed all federal claims.").

[25] *Arnold v. City of Olathe*, 413 F. Supp. 3d 1087, 1112 (D. Kan. 2019).

[26] *Gessner v. Phillips Cnty. Comm'rs*, 270 Kan. 78, 11 P.3d 1131, 1134 (2000).

to require plaintiffs attempting to file a tort claim against a municipality or its employees to plead compliance with K.S.A. § 12-105b in their petition or complaint.[27]

Here, Plaintiff's Complaint does not assert compliance with K.S.A. § 12-105b(d). Because substantial compliance with K.S.A. § 12-105b(d) is a condition precedent to commencing an action against the City of Salina, or its employees, the Court finds that it lacks subject matter jurisdiction over Plaintiff's tort claims. Accordingly, these claims are dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 28) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 3), and Amended Motion for Temporary Restraining Order (Doc. 6) are **DENIED as MOOT**.

**IT IS SO ORDERED.**

This case is closed.

Dated this 13th day of March, 2025.

*Eric F Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[27] *Daniels v. Bd. of Trs. of Herington Mun. Hosp.*, 841 F. Supp. 363, 367 (D. Kan. 1993) ("[T]he requirements of § 12-105b are conditions precedent and thus must be pleaded in compliance with Fed. R. Civ. P. 9(c).").