**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JALYNN RYANN WENGER,

    *Plaintiff*,

v.

               Case No. 24-1104-EFM-GEB

BRENDA STOSS, et al.,

    *Defendants*.

**MEMORANDUM AND ORDER**

Before the Court is pro se Plaintiff JaLynn Wenger's "Motion to Vacate Void Judgment" (Doc. 39). Invoking Federal Rule of Civil Procedure 60(b)(4), Plaintiff asks the Court to find the Court's March 13, 2025 judgment dismissing her claims void, arguing it violates her Seventh Amendment right to a jury trial. Because the judgment suffered neither a jurisdictional error nor a due process violation, the Court denies Plaintiff's Motion.

**I.   Factual and Procedural Background**[1]

On June 20, 2024, Plaintiff filed a lengthy Complaint alleging several claims under 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments, violations of the privileges and immunities clause, and fraudulent

---

[1] The facts in this section are taken from the Court's previous Order granting the Defendants' Motion to Dismiss unless otherwise cited; a more complete recitation of facts can be found there. Doc. 37 at 1–3.

conduct and malicious prosecution.[2] She also alleged tort claims under Kansas law. Further, Plaintiff filed a motion for a temporary restraining order ("TRO") and an amended TRO motion against Defendants.

The allegations originate from a Salina, Kansas traffic stop where Salina Police Department ("SPD") Officer John Lydic seized both Plaintiff's suspended driver's license and her expired vehicle tag and ultimately issued her a citation. Plaintiff failed to pay the citation or attend her court date, and Salina Court Supervisor Lieuann Everhart notified Plaintiff of these failures. Salina Municipal Court Judge Brenda Stoss issued a bench warrant for Plaintiff's arrest. Officer Lydic and Salina SPD Officer Patrell Brown arrested her, and Municipal Prosecutor Amie Bauer prosecuted the citation against Plaintiff.

On March 13, 2025, this Court granted Defendants' motion to dismiss Plaintiff's Complaint under Rule 12(b)(1) for the tort claims and under Rule 12(b)(6) for the § 1983 claims, and denied Plaintiff's TRO motions as moot.[3] The Court held that Plaintiff failed to state a claim upon which relief can be granted on her § 1983 claims because Defendants are entitled to various immunities.[4] The Court also determined it did not have subject-matter jurisdiction over the tort claims because Plaintiff failed to comply with conditions precedent to suing Defendants under

---

[2] The Wenger family alleging such claims is not new to the District of Kansas. Plaintiff has initiated two cases in this District in the last two years, including this one. *See Wenger v. Stoss*, 2025 WL 823244, at *1 (D. Kan. Mar. 13, 2025); *Wenger v. Severson*, 2025 WL 2576953, at *1 (D. Kan. Sep. 5, 2025). Tamara Wenger, who signed the present Motion on behalf of Plaintiff, has initiated four recent lawsuits pro se in this District against numerous judges, judicial employees, law enforcement officers, and supervisors. *See Wenger v. Johnson*, 2025 WL 3611535, at *1 (D. Kan. Dec. 12, 2025) (denying reconsideration after dismissal); *Wenger v. Teeter*, 2025 WL 2576952, at *1 (D. Kan. Sep. 5, 2025); *Wenger v. Price*, 2025 WL 2416462, at *1 (D. Kan. Aug. 21, 2025); *Wenger v. Shankle*, 2025 WL 2419718, at *1 (D. Kan. Aug. 21, 2025). Micah Wenger, Tamara's spouse, was Tamara's co-plaintiff in two cases and individually sued a state magistrate judge in another. *See Johnson*, 2025 WL 3611535, at *1; *Teeter*, 2025 WL 2576952 at *1; *Wenger v. Serrault-Wiseman*, 2025 WL 2829622, at *1 (D. Kan. Oct. 6, 2025). All the suits alleged violations of constitutional rights and other crimes and civil wrongs. All cases have been dismissed.

[3] Doc. 37 at 9.

[4] *Id.* at 4–8.

state law.[5] In that Order, the Court considered Plaintiff's Complaint and response to Defendants' motion to dismiss.

On December 4, 2025, Plaintiff filed the present "Motion to Vacate Void Judgment," alleging this Court's judgment violates her Seventh Amendment right to a jury trial, rendering the judgment void under Rule 60(b)(4).

## II.   Legal Standard

Relief from final judgment under Rule 60(b) is an "extraordinary remedial procedure."[6] Rule 60(b)(4) allows courts to relieve a party from a final judgment if the judgment is void.[7] "For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it."[8] Relief under Rule 60(b)(4) is granted "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[9]

Because Plaintiff proceeds pro se, the Court holds her pleadings to "less stringent standards than formal pleadings drafted by lawyers."[10] A pro se litigant is entitled to a liberal construction of her pleadings.[11] But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[12]

## III.   Analysis

---

[5] Doc. 37 at 8–9.

[6] *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1011 (10th Cir. 2025) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 223 n.7 (10th Cir. 1979), *overruled on other grounds*.

[7] Fed. R. Civ. P. 60(b)(4).

[8] *Choice Hospice*, 125 F.4th at 1014 (quoting *V.T.A.*, 597 F.2d at 224).

[9] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citations omitted).

[10] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[11] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because Plaintiff's Motion asks for relief under Rule 60(b)(4), the Court must determine whether its judgment involved a jurisdictional error or a due process violation. The Court addresses each issue in turn.

## A.    No Jurisdictional Error Exists to Render the Judgment Void

Although Plaintiff makes no jurisdictional error argument, the Court must construe her Motion liberally and will consider the issue accordingly.[13] Courts considering whether a judgment is void under Rule 60(b)(4) due to a jurisdictional defect may only grant relief if "the court that rendered judgment lacked even an arguable basis for jurisdiction."[14] Relevant here, federal district courts have jurisdiction over civil actions arising under federal law.[15] Furthermore, courts must dismiss claims they have no subject matter jurisdiction over.[16]

Because the Court had federal question jurisdiction over Plaintiff's § 1983 claims, a federal law, it had jurisdiction to dismiss them under Rule 12(b)(6).[17] Furthermore, the Court determined it did not have subject matter jurisdiction over the tort claims, and it was required to dismiss them under Rule 12(b)(1).[18]  Thus, the Court had jurisdictional authority to dismiss Plaintiff's claims such that no jurisdictional error occurred.

## B.    No Due Process Violation Exists to Render the Judgment Void

Plaintiff attempts to argue a due process violation by arguing that the Court exceeded its constitutional authority in dismissing her claims on the basis that she is entitled to a jury trial under the Seventh Amendment. Rule 60(b)(4), however, is not designed to remedy a due process claim

---

[13] *See Trackwell*, 472 F.3d at 1243.

[14] *United Student*, 559 U.S. at 271 (citations and internal quotations omitted).

[15] 28 U.S.C. § 1331.

[16] *Johnson*, 2025 WL 3611535, at *1 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

[17] § 1331.

[18] *Johnson*, 2025 WL 3611535, at *1 (citing *Ruhrgas*, 526 U.S. at 583).

alleging that a pretrial dismissal of claims violates the Seventh Amendment.[19] Instead, the question is whether Plaintiff received notice and had "the opportunity to be heard."[20]

Here, Plaintiff received notice of all filings, and she responded to almost all of them in one way or another. Plaintiff also had an adequate opportunity to brief the motion to dismiss and did so. The Court considered her response to Defendants' motion to dismiss in making its ruling, but ultimately the Court disagreed with her arguments. In total, the Court considered her Complaint, TRO motions, and response to Defendants' motion in issuing its order. Since due process requires that parties receive notice and "the opportunity to be heard," that right was not violated here.[21]

Thus, the Court holds that there is no due process error. Accordingly, the judgment is not void under Rule 60(b)(4).

**IT IS THEREFORE ORDERED** that Defendants' "Motion to Vacate Void Judgment" (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 9th day of July, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[19] *Id.* at *2 (citing *Joe Hand Promotions, Inc. v. Barber*, 2024 WL 3236634, at *2 (11th Cir. 2024) (per curiam)). The *Johnson* Court also noted that, even if Rule 60(b)(4) could remedy an alleged Seventh Amendment violation, this argument would not succeed because "[i]t is well-established at this point that pretrial disposition of claims under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim do not run afoul of the Seventh Amendment." *Id.* at *2 (citing *Punchard v. U.S. Bureau of Land Mgmt.*, 180 F. App'x 817, 820 (10th Cir. 2006)).

[20] *United Student*, 559 U.S. at 271 (citations omitted).

[21] *Id.*